UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DOMINGO MONROE
    *Plaintiff,*

v.                                                C.A. No. 1:20-cv-00306-WES-PAS

TOWN OF CHARLESTOWN, by and
Through its Treasurer, Patricia M.
Anderson, alias and JEFFREY ALLEN,
Alias in his official capacity as
Charlestown Police Chief, and MICHAEL
J. PALIOTTA, alias, PHILIP GINGERELLA,
Alias, and DAVID WESTERVELT, alias,
Each individually and in their official
Capacity as Charlestown Police officers,
And EDWARD MCQUAIDE, alias.
    *Defendants.*

## **ANSWER**

    NOW comes Defendants, Town of Charlestown, by and through its Treasurer, Patricia M. Anderson, alias, Jeffrey Allen, alias in his official capacity as Charlestown Police Chief, and Michael J. Paliotta, alias, Philip Gingerella, alias, and David Westervelt, alias, each individually and in their official capacity as Charlestown Police Officers, and hereby answer Plaintiff's Complaint as follows:

1. These Defendants assert that no response is required to Paragraph No. 1 of Plaintiff's Complaint entitled "Introductory Statement." Nevertheless, Defendants deny any and all general allegations made against them.

2. These Defendants admit that this action stems from the arrest and prosecution of Plaintiff, but otherwise deny Paragraph No. 2 of that portion of Plaintiff's Complaint entitled "Introductory Statement."

3. These Defendants deny Paragraph Nos. 3, 4, 6 of that portion of Plaintiff's Complaint entitled "Introductory Statement."

4. These Defendants admit Paragraph No. 5 of that portion of Plaintiff's Complaint entitled "Introductory Statement."

5. These Defendants are without sufficient information to admit or deny Paragraph No. 7 of that portion of Plaintiff's Complaint entitled "Parties," and leave Plaintiff to proof of his claim, thereby denying the same.

6. These Defendants are without sufficient information to admit or deny Paragraph No. 8 of that portion of Plaintiff's Complaint entitled "Parties," and leave Plaintiff to proof of his claim, thereby denying the same.

7. These Defendants object to this suit being brought against them in their individual capacity, but admit the remaining portions of Paragraph No. 9, 10, 11 and 13 of that portion of Plaintiff's Complaint entitled "Parties"

8. These Defendants admit that Jeffrey Allen was the Chief of the Charlestown Police Department, but otherwise denies that Paragraph No. 12 of that portion of Plaintiff's Complaint entitled "Parties."

9. These Defendants make no response to the allegations contained in Paragraph No. 14, to the extent that said paragraph identifies Plaintiff's claimed jurisdictional basis, and thus no response is required, thereby denying the same.

10. These Defendants admit the allegations contained in Paragraph No. 15 of that portion of Plaintiff's Complaint entitled "Venue."

11. These Defendants admits Paragraph Nos. 17, 33, 34, 36, 41, 42, 50, 54, 55, of that portion of Plaintiff's Complaint entitled "Material Facts."

12. These Defendants deny Paragraph Nos. 22, 23, 24, 25, 26, 28, 29, 31, 32, 39, 51, 52, 53, 56 of that portion of Plaintiff's Complaint entitled "Material Facts."

13. These Defendants are without sufficient information to either admit or deny Paragraph Nos. 16, 18, 19, 20, 38, 40, 43, 44, 45, 46, 47, 48 of that portion of Plaintiff's Complaint entitled "Material Facts," thereby denying the same.

14. These Defendants are without sufficient information to either admit or deny that the "(non-functioning) Tribal Court had issued an order less than two hours prior to the meeting stating," thereby denying the same, but otherwise admit Paragraph No. 21 of that portion of Plaintiff's Complaint entitled "Material Facts."

15. These Defendants admit that while Defendants Gingerella and Westervelt started to handcuff Plaintiff Defendant McQuaide fired a taser at Plaintiff, but otherwise deny Paragraph No. 27 of that portion of Plaintiff's Complaint entitled "Material Facts."

16. These Defendants admit that Defendant Gingeralla felt electricity running up the left side of his body, but otherwise deny Paragraph No. 30 of that portion of Plaintiff's Complaint entitled "Material Facts."

17. These Defendants admit that the scene was too volatile to have the rescue enter, but otherwise deny Paragraph No. 35 of that portion of Plaintiff's Complaint entitled "Material Facts."

18. These Defendants are without sufficient information to admit or deny that removal of the taser prong required surgical removal, thereby denying the same, but otherwise admit Paragraph No. 37 of that portion of Plaintiff's Complaint entitled "Material Facts."

19. These Defendants admit that while Plaintiff was on bail, he was not permitted to travel outside the State of Rhode Island without permission from the District Court, but otherwise deny Paragraph No. 49 of that portion of Plaintiff's Complaint entitled "Material Facts."

20. These Defendants incorporate their responses to Paragraph Nos. 1-56 in response to Paragraph No. 57 of that portion of Plaintiff's Complaint entitled "Claims for Relief."

21. These Defendants deny Paragraph No. 58 of Count One of Plaintiff's Complaint.

22. These Defendants deny Paragraph No. 59 of Count Two of Plaintiff's Complaint.

23. These Defendants deny Paragraph No. 60 of Count Three of Plaintiff's Complaint.

24. These Defendants deny Paragraph No. 61 of Count Four of Plaintiff's Complaint.

25. These Defendants deny Paragraph No. 62 of Count Five of Plaintiff's Complaint.

26. These Defendants deny Paragraph No. 63 of Count Six of Plaintiff's Complaint.

27. These Defendants deny Paragraph No. 64 of Count Seven of Plaintiff's Complaint.

28. These Defendants deny Paragraph No. 65 of Count Eight of Plaintiff's Complaint.

29. These Defendants deny Paragraph No. 66 of Count Nine of Plaintiff's Complaint.

30. These Defendants deny Paragraph No. 67 of Count Ten of Plaintiff's Complaint.

31. These Defendants deny Paragraph No. 68 of Count Eleven of Plaintiff's Complaint.

32. These Defendants deny Paragraph No. 69 of Count Twelve of Plaintiff's Complaint.

## **AFFIRMATIVE DEFENSES**

These Defendants affirmatively plead the following defenses:

### FIRST AFFIRMATIVE DEFENSE

These Defendants plead absolute and qualified immunity as a bar to the within amended complaint.

## SECOND AFFIRMATIVE DEFENSE

These Defendants, Philip Gingerella, David Westervelt, and Michael J. Paliotta object to this suit being brought in their individual capacity.

## THIRD AFFIRMATIVE DEFENSE

These Defendants plead all forms of statutory and common law immunity as a bar to the within complaint.

## FOURTH AFFIRMATIVE DEFENSE

These Defendants plead that Plaintiffs' injuries were caused or contributed to by other persons, firms, corporations or entities for which this Defendant is not responsible.

## FIFTH AFFIRMATIVE DEFENSE

These Defendants plead that Plaintiffs' injuries were caused or contributed to by their own conduct for which this Defendant is not responsible.

**These Defendants demand a trial by jury.**

                    Defendants,
                    By and through their Attorneys,

                    */s/ Marc DeSisto*
                    Marc DeSisto, Esq. (#2757)
                    */s/ Kathleen A. Hilton*
                    Kathleen A. Hilton, Esq. (#9473)
                    DeSisto Law LLC
                    60 Ship Street
                    Providence, RI 02903
                    (401) 272-4442
                    marc@desistolaw.com
                    katie@desistolaw.com

<u>CERTIFICATION OF SERVICE</u>

I hereby certify that the within document has been electronically filed with the Court on this 20th day of August 2020 and is available for viewing and downloading from the ECF system. Service on the counsel of record, as listed below, will be effectuated by electronic means:

    Shannah Kurland, Esq. (#9186)
    skurland.esq@gmail.com

                                          */s/ Kathleen A. Hilton*